# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**STEPHANIE NORMAN,**

    **Plaintiff,**

                              Case No.:

**vs.**

**H. LEE MOFFITT CANCER CENTER
AND RESEARCH INSTITUTE, INC.
dba MOFFITT CANCER CENTER,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEPHANIE NORMAN, by and through her undersigned counsel, sues Defendant, H. LEE MOFFITT CANCER CENTER AND RESEARCH INSTITUTE, INC. dba MOFFITT CANCER CENTER, and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1367.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. At all times material herein, Plaintiff, STEPHANIE NORMAN, (hereinafter referred to as "Plaintiff"), is/was a resident of Hillsborough County, Florida.

4. At all times material herein, Defendant, H. LEE MOFFITT CANCER CENTER AND RESEARCH INSTITUTE, INC. dba MOFFITT CANCER CENTER, (hereinafter referred

to as "Defendant"), is/was a Florida Not for Profit Corporation, authorized and doing business in Hillsborough County, Florida.

5. Defendant, H. LEE MOFFITT CANCER CENTER AND RESEARCH INSTITUTE, INC. dba MOFFITT CANCER CENTER, is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITIES

6. All conditions precedent to bringing this action have occurred.

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8. More than 180 days have passed since the filing of the aforementioned Charge.

9. Plaintiff has received the Notice of Right to Sue from the EEOC.

## GENERAL ALLEGATIONS

10. At all times material herein, Defendant acted with malice and with reckless disregard for Plaintiff's federal and state protected rights.

11. At all times material herein, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer – the Defendant.

12. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

13. Plaintiff was hired by Defendant on or about July 15, 2015 as a Coder for the HIM Department.

14. In or around August 24, 2017, Plaintiff submitted and was approved for leave under the Family and Medical Leave Act (FMLA) due to a medical illness she was experiencing.

15. While under doctor's care and pending release back to work, Plaintiff transitioned from short term disability to long term disability.

16. On or about February 21, 2018, Plaintiff's Supervisor, Suzanne Bishoff, left her a telephone message which stated that Human Resources had informed her that Plaintiff's employment with Defendant had been terminated effective February 6, 2018.

17. Plaintiff's leave under the FMLA was not scheduled to expire until on or about February 22, 2018.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

18. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

19. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq.

20. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding her FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

21. Defendant is a covered employer under the FMLA in that they had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

22. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

23. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights among other actions, Defendant failed to restore Plaintiff to her prior position and terminated Plaintiff's employment for exercising her rights to leave under the FMLA.

24. Defendant's actions constitute violations of the FMLA.

25. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief, this Court deems just and equitable.

## COUNT II
## FAMILY MEDICAL LEAVE ACT – RETALIATION

26. Plaintiff, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

27. Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's utilization of qualified FMLA leave was a substantial or motivating factor that prompted Defendant to not restore Plaintiff to her prior position and terminate Plaintiff's employment.

28. Defendant's actions constitute a violation of the FMLA.

29. As a result of Defendant's actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, prays for the following damages against Defendant,

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

  d. Liquidated damages;

  e. Attorneys' fees and costs;

  f. Injunctive relief; and

  g. For any other relief, this Court deems just and equitable.

## COUNT III
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 – DISABILITY DISCRIMINATION

30. Plaintiff, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

31. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

32. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

33. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of her disability, record of a disability and/or perceived disability.

34. Defendant failed to provide Plaintiff with a reasonable accommodation and terminated her on the basis of her disability, record of a disability and/or perceived disability.

35. The above described acts of disability discrimination constitute a violation of the ADAAA for which Defendant is liable.

36. Defendant's unlawful and discriminatory employment practices toward Plaintiff was intentional.

37. As a direct and proximate result of Defendant's violations of the ADAAA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff prays for judgment against Defendant and for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

    f. Attorney's fees and costs; and

    g. For any other relief this Court deems just and equitable.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") RETALIATION

38. Plaintiff, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

39. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice for opposing Defendant's discriminatory treatment of her and for requesting an accommodation, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq*.

40. The above described acts constitute retaliation, in violation of the ADAAA.

41. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

    e.    Pecuniary and non-pecuniary losses;

    f.    Attorney's fees and costs; and

    g.    For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff prays for judgment against Defendant and for the following damages:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e.    Punitive damages;

    f.    Attorney's fees and costs; and

    g.    For any other relief this Court deems just and equitable.

## COUNT V
## FLORIDA CIVIL RIGHTS ACT – DISABILITY DISCRIMINATION

42.    Plaintiff, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

43.    Plaintiff is an individual entitled to protection under the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes*.

44.    Plaintiff is an individual with a disability/handicap.

45.    By the conduct described above, Defendant engaged in unlawful employment

practices in violation of the FCRA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of her disability/handicap, record of a disability/handicap and/or perceived disability/handicap.

46. Defendant failed to provide Plaintiff with a reasonable accommodation and terminated her on the basis of her disability/handicap, record of a disability/handicap and/or perceived disability/handicap.

47. The above described acts of disability/handicap discrimination constitute a violation of the FCRA, for which Defendant is liable.

48. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

49. As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff prays for judgment against Defendant and for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

    f. Attorney's fees and costs; and

    g. For any other relief this Court deems just and equitable.

## COUNT VI
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

50. Plaintiff, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

51. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760.

52. The above described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

53. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages;

    e. Pecuniary and non-pecuniary losses;

    f. Costs and attorney's fees;

    g. Punitive damages; and

    h. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

54. Plaintiff requests a jury trial on all issues so triable.

**DATED:** October 1, 2019.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Scott L. Terry*
**SCOTT L. TERRY, ESQUIRE**
Florida Bar No.: 77105
Primary:     scott@fgbolaw.com
Secondary:   gina@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Trial Attorneys for Plaintiff*