UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE NORMAN,

    Plaintiff

v.                                           CASE NO. 8: 19-cv-2430-WFJ-CPT

H. LEE MOFFITT CANCER CENTER
AND RESEARCH INSTITUTE, INC.
d/b/a Moffitt Cancer Center,

    Defendant.
_____/

## **ORDER GRANTING SUMMARY JUDGMENT**

This matter came before the Court upon the Defendant's motion for summary judgment. Docs. 49, 54. The *pro se* Plaintiff filed a traverse or bare denial, stating without elaboration that "Plaintiff has factual evidence that states otherwise." Doc. 57. Plaintiff filed nothing further in opposition to the motion for summary judgment. Upon review of this entire record it is clear that Defendant's motion for summary judgment should be, and is hereby, granted.

**_THE LEGAL STANDARD_**: The legal standard is familiar. Summary judgment applies when "there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The proponent of the motion proceeds first, bearing the burden of establishing a basis for its motion and identifying those materials that demonstrate an absence of material fact. *Gonzalez v. Lee Cnty. Hous. Auth.*, 161 F.3d 1290, 1294 (11th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). By competent, substantial evidence the movant must show an absence of evidence to support the opponent's case. *Id*.

Once this burden has been met, the party in opposition must provide more than conclusory allegations or a bare traverse. A party opposing a motion for summary judgment must rely on more than conclusory allegations, denials, or statements unsupported by facts. *Id.*; *see also Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985). A mere "scintilla" of evidence in favor of the non-moving party is insufficient as a matter of law to overcome summary judgment. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). Summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof. *See Celotex Corp.*, 477 U.S. at 322.

Here, the Plaintiff has not provided any case proof or pointed to competent, substantial evidence (or any evidence for that matter) in this record that would defeat the well-established grounds asserted by the Defendant. The motion is, in

effect, uncontested. The case background and grounds for the motion are set forth below.

**CASE BACKGROUND**: The complaint was drafted by Plaintiff's former counsel, who has since withdrawn. Docs. 15, 16. Plaintiff was a coder at Defendant's hospital. Some two years after working on the job, in August 2017, she was approved for leave under the Family and Medical leave Act (FMLA), 29 U.S. C. § 2601. Doc. 1 at 2. Count I alleges a cause of action for interference in her FMLA leave, claiming that she was terminated in February 2018 prior to the FMLA expiration. *Id*. at 3. Count II seeks redress for retaliation under the FMLA. *Id*. at 4–5. Counts III and IV allege violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §12112. *Id*. at 5–7. Counts V and VI assert claims under the Florida Civil Rights Act for disability discrimination and retaliation, Chapter 760, Fla. Stat. *Id*. at 7–9.

**UNCONTESTED FACTS SUPPORTING SUMMARY JUDGMENT**: The uncontested facts in this record support summary judgment. Plaintiff struggled to perform well as a coder for Defendant, and in July 2017, she was placed on an "Employee Improvement Plan (EIP)" and told that if she did not improve her productivity within 90 days she would be terminated. Doc. 51-2 at Pl.'s Dep. at 170; Doc. 51-2 at 153, 231, 237. At the time she was placed on this plan in July 2017 she was not sick and did not suffer from the respiratory disability. Doc. 51-2

3

at Pl.'s Dep. at 172–173, 175. She developed a chronic debilitating asthmatic cough. She went out on FMLA leave in August 2017 and never returned to work. *Id*.

Defendant granted Plaintiff FMLA leave, and granted her additional leave as an accommodation, although Plaintiff was unable to squarely testify that she ever asked Defendant for a reasonable accommodation for her illness. Doc. 51-2 at Pl.'s Dep. at 77–78. She received over five months of continuous leave. Doc. 51-2 at Pl.'s Dep. at 173–175. As her FMLA leave expired, Defendant sent Plaintiff several letters about returning to work. Doc. 50-5 at 2–3, 5, 7. Defendant received no response. As Plaintiff had not communicated with Defendant as of February 2018 concerning return to work, Defendant was terminated. *Id*. Plaintiff stated she did not receive this correspondence, which was mailed to her house, but she apparently made no effort otherwise to contact Defendant about returning to work. Nor did she respond to the termination letter. Doc. 51-2 at Pl.'s Dep. at 184–187.

During the time while she was on FMLA leave, Plaintiff applied for, and received, long term disability benefits with the carrier, Aetna. These benefits were granted from December 2017 to December 2022. *Id*. at Pl.'s Dep. at 26, 61. Since her last day at work in August 2017, Plaintiff has received, continuously, compensation in the form of short term disability, long term disability and social security disability income ("SSDI"). *Id*. at Pl.'s Dep. at 118. She presently

receives $1,101 in SSDI and $2255 in long term disability insurance monthly. *Id*. at Pl.'s Dep. at 26. Plaintiff's pulmonologist provided a letter stating she is on permanent disability. Doc. 51-2 at Pl.'s dep. at 70.

In short, at the conclusion of her FMLA leave, which Defendant extended 30 days as an accommodation, Plaintiff did not return to work or seek to return to work. Her doctor never cleared her for return to work; she never advised Defendant she was ready to return. The record contains no competent evidence Plaintiff was retaliated against for asking for FMLA leave, nor did she receive less than a full amount of FMLA leave. Her work productivity problems and employment improvement plan arose, and were addressed, prior to her seeking FMLA leave and prior to her disability manifesting itself. Nor does this record constitute or contain a clear request for accommodation under any fair reading of the ADA. Plaintiff has simply not shown a direct, or indirect, *prima facie* case for an FMLA violation or retaliation, or any similar actionable conduct under the ADA or the analogous Florida statute. And Defendant has shown to the contrary.

The Court grants the motion for summary judgment (Doc. 49) on all counts. Judgment shall enter for Defendant and the Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on May 26, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE