UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE NORMAN,

    Plaintiff,

v.                                         Case No. 8:19-cv-2430-WFJ-CPT

H. LEE MOFFITT CANCER
CENTER AND RESEARCH
INSTITUTE, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before me on referral are Plaintiff Stephanie Norman's construed motions to proceed on appeal *in forma pauperis* (IFP Motions). (Docs. 70, 71). For the reasons discussed below, I respectfully recommend that Ms. Norman's IFP Motions be denied.

I.

Ms. Norman initiated this action in October 2019 by filing a complaint—signed by an attorney who has since withdrawn—against her former employer, Defendant H. Lee Moffitt Cancer Center and Research Institute, Inc. (Moffitt). (Docs. 1, 15, 16). Ms. Norman alleged in her complaint that Moffitt authorized her to take time off from work pursuant to the Family and Medical Leave Act (FMLA) but then improperly terminated her employment. (Doc. 1). Based on these averments, Ms. Norman

asserted claims against Moffitt for violations of the FMLA, the Americans with Disabilities Act, and the Florida Civil Rights Act. (Doc. 1).

In April 2021, Moffitt moved for summary judgment on all counts. (Docs. 49, 54). Ms. Norman filed a brief response to that motion, arguing simply that she "ha[d] factual evidence that state[d] otherwise." (Doc. 57). The Court granted Moffitt's motion in May 2021 and entered Judgment in its favor. (Docs. 61, 62).

Shortly thereafter, Ms. Norman filed both a Notice of Appeal (Doc. 65) and a "Motion for Waiver of Appeal Fee" (Doc. 67). The Court denied Ms. Norman's motion for a waiver without prejudice because she neglected to specify a basis for proceeding *in forma pauperis*. (Doc. 68). The Court also instructed her to obtain the proper form from the Clerk. *Id.* The instant IFP Motions followed. (Docs. 70, 71).

II.

Motions to proceed *in forma pauperis* on appeal are governed by Federal Rule of Appellate Procedure 24 and Section 1915 of Title 28 of the United States Code. *See Ex Parte Chayoon*, 2007 WL 1099088, at *1 (M.D. Fla. Apr. 10, 2007). Rule 24 provides, in pertinent part, that a party seeking leave to proceed *in forma pauperis* on appeal must file a motion in the district court with an affidavit that: (a) shows in detail the party's inability to pay or give security for the fees and costs of the appeal; (b) claims an entitlement to redress; and (c) identifies the issues the party intends to present on appeal. Fed. R. App. P. 24(a)(1).

Section 1915 similarly authorizes an "appeal . . . without prepayment of fees or security therefor" when an appellant submits an affidavit evidencing her inability to tender such fees or security. 28 U.S.C. § 1915(a)(1). In this context, an appellant need not show she is "absolutely destitute" to qualify for indigent status. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted). Rather, an affidavit of indigency will be deemed "sufficient if it represents that the [appellant], because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Id.*

In addition to these requirements, section 1915 mandates that an appeal be brought in good faith. 28 U.S.C. § 1915(a)(3). To satisfy this standard, an appellant must demonstrate that any issues she seeks to pursue are "not frivolous when examined under an objective standard." *Ghee v. Retailers Natl'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (per curiam) (citation omitted).[1] An *in forma pauperis* action is deemed to be frivolous "if it is 'without arguable merit either in law or fact.'" *Id.* at 859–60 (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).

In the end, a district court has "wide discretion" to grant or deny an *in forma pauperis* application, and—in civil cases for damages—that privilege should be granted "sparingly." *Martinez*, 364 F.3d at 1306 (citation omitted).

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

III.

Ms. Norman has not satisfied the strictures of Rule 24 and section 1915 here. With respect to her financial status, her IFP Motions reveal that she receives monthly disability payments totaling $3,564 and has monthly expenses (stemming from her support of herself, her parents, and her two adult children) which add up to $3,584. (Doc. 70 at 2–5; Doc. 71 at 1–2). Her IFP Motions further reveal that she has $50 in cash, owes debts totaling approximately $106,000 (largely from student loans), and owns two 2016 Volkswagen cars used by her two adult children. *Id.*

These disclosures do not support Ms. Norman's claim of indigency. Although her monthly expenses slightly exceed her monthly income, her total disability payments equate to an annual sum of $42,816, which is well above the poverty line for a family of five.[2] Furthermore, approximately one-third of Ms. Norman's expenses pertain to car payments she makes for her adult children without any explanation as to the necessity of these payments or her children's financial wherewithal. *See Schmitt v. U.S. Off. of Pers. Mgmt.*, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009) (finding the plaintiff's allegations of poverty insufficient based upon a review of his monthly income and assets); *Irvin v. Mister Car Wash*, 2008 WL 5412217, at *2 (M.D. Fla. Dec. 29, 2008) (concluding that, despite the plaintiff's assertions that he was involved in

---

[2] The 2021 poverty line for a family of five is $31,040 per annum. *See* Annual Update of the HHS Poverty Guidelines, 86 Fed. Reg. 7732, 7732–34 (Feb. 1, 2021). For purposes of my analysis, I accept without deciding that Ms. Norman fully supports her parents and her adult children. I note, however, that she claims to provide eighty-five percent of the support required for her mother and adult children and ninety-five percent of the support required for her father. (Doc. 71 at 2).

4

bankruptcy proceedings and incapable of paying the requisite fees and costs, he did not demonstrate an inability to pay such amounts after an evaluation of his income and debts).

In addition to these deficiencies, Ms. Norman fails to identify the legal issues she seeks to pursue on appeal or present an arguable, good faith basis to challenge the Court's summary judgment decision.  Instead, she claims only that "the [f]actual evidence I have prove[s] that [Moffitt] discriminated against [me] and all counts in the [c]omplaint [are] valid." (Doc. 70 at 1).  Such general averments do not provide a valid ground for an appeal.  *Schmitt*, 2009 WL 3417866, at *2 (finding that the plaintiff's "failure to identify any good faith issue to be addressed on appeal warrants denial of permission to proceed *in forma pauperis*"); *see also* Fed. R. Civ. P. 56(c) (explaining that a party challenging a fact at the summary judgment stage must do more than merely assert that a factual dispute exists).

IV.

In light of the above, I recommend that the Court:

    1.    Deny Ms. Norman's IFP Motions (Docs. 70, 71); and

    2.    Direct the Clerk of Court to notify the Court of Appeals of its ruling in accordance with Federal Rule of Appellate Procedure 24(a)(4).

Respectfully submitted this 15th day of July 2021.

*[signature]*

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies furnished to:
Honorable William F. Jung, United States District Judge
*Pro se* Plaintiff
Counsel of record