UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE NORMAN,

    Plaintiff,

v.                                          Case No: 8:19-cv-2430-WFJ-CPT

H. LEE MOFFITT CANCER CENTER
AND RESEARCH INSTITUTE, INC.,
D/B/A MOFFITT CANCER CENTER,

    Defendant.
_____/

## ORDER

    This matter comes before the Court on Defendant Moffitt Cancer Center's Renewed Motion for Taxation of Costs, Dkt. 81. Plaintiff Stephanie Norman, proceeding *pro se*, objected to Defendant's motion without argument. Dkt. 83. Upon careful consideration, the Court grants-in-part and denies-in-part Defendant's motion.

### BACKGROUND

    Plaintiff initiated this action against Defendant, her former employer, on October 1, 2019. Dkt. 1. Plaintiff brought claims of interference and retaliation under the Family Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq.*, as well as claims of disability discrimination and retaliation under both the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 *et seq.* Dkt. 1. After the parties engaged in discovery, Defendant moved for summary judgment. Dkt. 49. On May 26, 2021, the Court granted summary judgment to Defendant on all claims. Dkt. 61.

Less than two weeks later, Defendant filed a motion for taxation of costs and a proposed bill of costs. Dkts. 63 & 64. Because Plaintiff subsequently filed a notice of appeal, Dkt. 65, the Court denied Defendant's motion without prejudice and instructed Defendant to refile its motion upon completion of the appeal process, Dkt. 69. On February 22, 2023, the Eleventh Circuit affirmed this Court's judgment. Dkt. 80. Defendant now brings a timely Renewed Motion for Taxation of Costs. Dkt. 81.

## ANALYSIS

As the prevailing party in this action, Defendant moves for an award of costs plus post-judgment interest pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. §§ 1920 and 1961. Rule 54(d)(1) provides that costs "should be allowed to the prevailing party" unless a federal law, federal rule, or court order provides otherwise. As the Eleventh Circuit has explained, there is a "strong presumption" that a prevailing party will be awarded costs under Rule 54(d). *Yellow Pages Photos, Inc. v. Ziplocal*, LP, 846 F.3d 1159, 1166 (11th Cir. 2017) (per curiam) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)).

Costs that may be awarded are those explicitly authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Such costs include, *inter alia*, certain copying costs, deposition transcript costs, and witness fees. 28 U.S.C. § 1920. In seeking to recover costs, the prevailing party must present adequate evidence to enable a court to determine the specific costs incurred. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (per curiam). Upon a sufficient showing by the prevailing party, the opposing party "must overcome" the strong presumption in favor of awarding costs. *See Mano Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

In its present motion, Defendant seeks to recover $8,249.79 in costs. Dkt. 81 at 1. Of this total, $6,509.34 stems from deposition costs, and $1,740.45 represents copying costs. *Id.* at 6−11. The Court addresses these two categories in turn.

I. **Deposition Costs**

Courts have long construed 28 U.S.C. § 1920(2)'s authorization of deposition transcript costs as authorizing other deposition-related costs. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *United States v. Kolesar*, 313 F.2d 835, 837−38 (5th Cir. 1963)). For example, many courts have awarded court reporter appearance fees under this section. *See Travelers Indem. Co. of Conn. v. Att'y's Title Ins. Fund, Inc.*, No. 2:13-cv-670-FtM-38CM, 2019 WL 359862, at *4 (M.D. Fla. Jan. 14, 2019); *Frost v. McNeilus*, No. 8:14-cv-81-T-

24MAP, 2015 WL 1730244, at *2 (M.D. Fla. Apr. 14, 2015). However, whether specific deposition costs are taxable ultimately "depends on the factual questions of whether the deposition was wholly or partially necessarily obtained for use in the case." *EEOC*, 213 F.3d at 620−21 (internal quotes omitted).

Here, Defendant seeks to recover $6,509.34 in deposition-related costs. This sum stems from Defendants' two depositions of Plaintiff: one remotely conducted on January 19, 2021, and another remotely conducted on March 24, 2021, and March 25, 2021. Dkt. 81 at 3, 8. Defendant states that it incurred $2,793.59 in transcript costs and associated fees for the January deposition and $3,715.75 in transcript costs and associated fees for the two-day March deposition. *Id.* at 6−9. The associated costs claimed by Defendant include appearance fees of the court reporter and the fees of the remote technician, the latter of whom Defendant asserts was needed to administer both depositions remotely due to health and safety concerns surrounding the surging COVID-19 pandemic and its threat to Plaintiff's alleged disability. *Id.*

The Court finds that the majority of Defendant's claimed deposition costs were necessarily obtained for use in this case. Though Defendant would have ideally needed to depose Plaintiff only once, Plaintiff's improper refusal to answer questions at the January 19th deposition necessitated the second deposition in March. Indeed, the Court previously reviewed the January 19th deposition

4

transcript and found that Plaintiff "did not play fair and follow the rules that every deponent must follow." Dkt. 38. The Court therefore ordered Plaintiff to attend a second deposition. *Id*. And it is clear that Defendant relied on Plaintiff's second deposition throughout its summary judgment motion, Dkt. 49, which ultimately resolved this case, Dkt. 61. The Court therefore finds that Defendant is due to be awarded its claimed costs associated with Plaintiff's deposition transcripts[1] and the court reporter's appearance at both depositions. Plaintiff's three-sentence objection to Defendant's present motion makes no argument as to why these costs should not be awarded. *See* Dkt. 83.

However, the Court declines to award Defendant costs associated with conducting Plaintiff's depositions remotely. There is no indication that the decision to conduct remote depositions was exclusively made by Plaintiff. Moreover, conducting the depositions remotely during a global pandemic benefitted all in attendance. Plaintiff is therefore not liable for the remote technician fees totaling

---

[1] These awarded costs include a $710.64 fee for a three-day expedited transcript of the January 19, 2021, deposition. *See* Dkt. 64-1 at 8. In awarding this cost, the Court notes that Plaintiff's deposition was originally scheduled to take place two weeks before the parties' discovery deadline of December 1, 2020. *See* Dkt. 27. However, Plaintiff failed to disclose highly relevant information—such as her receipt of Social Security Disability Income benefits—that Defendant discovered just days before the scheduled deposition. *Id.* Her deposition was then rescheduled for January 19, 2021, and the parties' discovery deadline was extended to February 1, 2021. Dkt. 28. But Plaintiff refused to fairly participate in the January 19th deposition, leaving Defendant with less than two weeks to file its motion to compel proper deposition, which was necessarily supported by an official transcript. Dkt. 37. In these circumstances, awarding costs for the expedited transcript is warranted. *See Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-595-T-24TGW, 2010 WL 1856060, at *2 (M.D. Fla. May 10, 2010) (permitting expedited transcript costs to meet court deadline).

$1,820. *See* Dkt. 64-1 at 6−8.

The Court further notes that delivery and shipment costs of deposition transcripts are not taxable under § 1920. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012). As such, the Court will not award the $75 that Defendant claims in "processing and compliance" fees associated with the processing and/or delivery of Plaintiff's deposition transcripts. Dkt. 64-1 at 6−8; *see Rosolen v. Home Performance All., Inc.*, 2021 WL 4822561 (M.D. Fla. Aug. 26, 2021) (declining to award "processing and handling" costs associated with deposition transcripts). Additionally, it is not entirely clear that the "exhibit" costs listed in Defendant's deposition invoices were necessarily obtained for use in this case, as Defendant does not explain these costs. *See* Dkt. 64-1 at 6−8. The Court therefore declines to award the deposition exhibit costs totaling $261.90.

Accordingly, aside from the remote technician's fees, transcript processing costs, and unspecified exhibit costs, the Court finds that Defendant's claimed deposition costs were necessarily incurred during this litigation. Defendant is entitled to $4,352.44 in such costs.

## II.   Copying Costs

Like deposition costs, copying costs are taxable if necessarily obtained for use in a party's case. 28 U.S.C. § 1920(4). Copying costs attributable to discovery are taxable, while costs for general copying are not. *EEOC*, 213 F.3d at 621−22;

*Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). The party seeking to recover copying costs bears the burden of demonstrating why the copies were necessary for its case. *See Pelc v. Nowak*, 596 F. App'x 768, 771 (11th Cir. 2015).

Here, Defendant seeks to recover $1,740.45 in copying costs attributable to discovery. This total consists of the following costs:

| Subpoenaed/Producing Party | Costs |
|---|---|
| Florida Medical Clinic | $71.15 |
| The Hartford | $758.50 |
| Dr. Robert C. Martinez | $232.20 |
| Pinnacle Health Group | $30.00 |
| Tampa General Hospital | $592.00 |
| Erwin Technical College | $15.60 |
| Social Security Administration | $41.00 |

Dkt. 81 at 10. Defendant explains that it incurred the above costs by retrieving Plaintiff's medical records, employment records, and FMLA file, all of which Defendant states were necessary to litigate Plaintiff's claims of FMLA violations and disability discrimination. *Id.* at 10−11. Defendant further provides the Court with relevant correspondence and invoices confirming the nature of these costs. *See* Dkt. 64-1 at 13−36. Notably, Defendant relied on several of these records to support its successful summary judgment motion. *See* Dkt. 49.

The Court finds that Defendant has sufficiently demonstrated the necessity of its claimed copying costs. These records were necessary to Defendant's assessment of Plaintiff's claims and the formation of its defense. Plaintiff again fails to offer any explanation as to why these costs should not be awarded. *See* Dkt.

7

83. Accordingly, the Court finds that Defendant is entitled to an award of $1,740.45 in copying costs.

### III. Post-Judgment Interest

Pursuant to 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." "Interest shall be computed daily to the date of payment . . . and shall be compounded annually." *Id.* § 1961(b). Such interest is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the judgment." *Id.* § 1961(a).

This statutory language mandates an award of post-judgment interest in this case. *See BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1053 (11th Cir. 1994). The Court must therefore award post-judgment interest at the weekly average 1-year constant maturity rate for the calendar week preceding the Clerk's May 27, 2021, entry of final judgment, Dkt. 62.

### CONCLUSION

Based on the foregoing, Defendant's Renewed Motion for Taxation of Costs, Dkt. 81, is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Clerk is directed to enter judgment for Defendant and against Plaintiff in the amount of $6,092.89, with post-judgment interest accruing from the date final judgment was

entered by the Clerk at the rate established by 28 U.S.C. § 1961.

**DONE AND ORDERED** at Tampa, Florida, on March 29, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Plaintiff, *pro se*