UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE NORMAN,

    Plaintiff,

v.                                          Case No. 8:19-cv-2430-WFJ-CPT

H. LEE MOFFITT CANCER
CENTER AND RESEARCH
INSTITUTE, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before me on referral is Plaintiff Stephanie Norman's construed motion to proceed on appeal *in forma pauperis* (IFP Motion). (Doc. 92). For the reasons discussed below, I respectfully recommend that Ms. Norman's IFP Motion be denied.

I.

Ms. Norman initiated this action in October 2019 by filing a complaint—signed by an attorney who has since withdrawn—against her former employer, Defendant H. Lee Moffitt Cancer Center and Research Institute, Inc. (Moffitt). (Docs. 1, 15, 16). Ms. Norman alleged in her complaint that Moffitt authorized her to take time off from work pursuant to the Family and Medical Leave Act (FMLA) but then improperly terminated her. (Doc. 1). Based upon these averments, Ms. Norman

asserted claims against Moffitt for violations of the FMLA, the Americans with Disabilities Act (ADA), and the Florida Civil Rights Act. *Id.*

In April 2021, Moffitt moved for summary judgment on all counts. (Docs. 49, 54). Ms. Norman filed a brief response to that motion, arguing simply that she "ha[d] factual evidence that state[d] otherwise." (Doc. 57). The Court granted Moffitt's summary judgment motion and entered Judgment in Moffitt's favor in May 2021. (Docs. 61, 62).

Shortly thereafter, Moffitt moved to tax costs against Ms. Norman. (Doc. 64). Ms. Norman, in turn, filed a notice of appeal of the Court's summary judgment Order and Judgment (Doc. 65), as well as a motion to waive the appeal fee (Doc. 67). The Court denied Moffitt's costs motion without prejudice and instructed Moffitt to resubmit it upon the completion of Ms. Norman's appeal. (Doc. 69). The Court also denied Ms. Norman's request to waive the appeal fee because she neglected to include the necessary information or use the appropriate form. (Doc. 68). The Court subsequently denied an amended motion by Ms. Norman to waive the appeal fee on the grounds that her financial disclosures did not support her claim of indigency and that she did not present an arguable, good faith basis to challenge the Court's summary judgment decision. (Docs. 70, 71, 72, 73).

Upon reviewing Ms. Norman's case, the Eleventh Circuit affirmed the Court's summary judgment Order in February 2023. (Doc. 80). Moffitt then renewed its motion for the taxation of costs in this Court, seeking $8,249.79. (Doc. 81). Ms. Norman objected to Moffitt's renewed costs motion by way of a three-sentence

response, stating only that she opposed the requested relief. (Doc. 83). In March 2023, the Court partially granted Moffitt's costs motion and entered judgment in Moffitt's favor in the amount of $6,092.89. (Docs. 85, 87).

The next month, in April 2023, Ms. Norman filed an "emergency" notice of appeal from the Court's costs Judgment. (Doc. 90). Several months later, in early June 2023, Ms. Norman filed the instant IFP Motion in this Court, also on an "emergency" basis. (Doc. 92).

The next week, the Eleventh Circuit dismissed Ms. Norman's appeal of the Court's costs Judgment for want of prosecution because she failed to pay the filing fee or to file a motion to proceed *in forma pauperis*. (Doc. 94). Soon thereafter, however, the appellate court issued an Order granting Ms. Norman's motion to reinstate her appeal. (Doc. 96). The matter of Ms. Norman's IFP Motion is thus ripe for the Court's consideration.[1]

II.

Motions to proceed on appeal *in forma pauperis* are governed by Federal Rule of Appellate Procedure 24 and Section 1915 of Title 28 of the United States Code. *See Ex Parte Chayoon*, 2007 WL 1099088, at *1 (M.D. Fla. Apr. 10, 2007). Rule 24 provides, in pertinent part, that an appellant claiming to be indigent must file a motion in the district court with an affidavit that: (a) shows in detail the appellant's lack of an

---

[1] Ms. Norman additionally filed what appears to be an amended notice of appeal of the Court's costs award that is unsigned and that largely raises the same issues as those set forth in her original notice. (Doc. 93). Regardless of which of Ms. Norman's notices of appeal is the operative one here, my below analysis applies equally to both.

3

ability to pay or give security for the fees and costs of the appeal; (b) asserts an entitlement to redress; and (c) identifies the issues the appellant seeks to present on appeal. Fed. R. App. P. 24(a)(1).

Section 1915 similarly authorizes an "appeal . . . without prepayment of fees or security therefor" when an appellant submits an affidavit evidencing her inability to tender such fees or security. 28 U.S.C. § 1915(a)(1). In this context, an appellant need not show that she is "absolutely destitute" to qualify for indigent status. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted). Instead, an affidavit of indigency will be deemed to be "sufficient if it represents that the [appellant], because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Id.*

In addition to these requirements, section 1915 mandates that an appeal be brought in good faith. 28 U.S.C. § 1915(a)(3). To meet this standard, an appellant must demonstrate that any issues she wishes to pursue are "not frivolous when examined under an objective standard." *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (per curiam) (citation omitted).[2] An *in forma pauperis* action is considered to be frivolous "if it is 'without arguable merit either in law or fact.'" *Id.* at 859–60 (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

4

In the end, a district court has "wide discretion" to grant or deny an *in forma pauperis* application, and—in civil cases for damages—that privilege should be granted "sparingly." *Martinez*, 364 F.3d at 1306 (citation omitted).

Ms. Norman does not satisfy the requirements of Rule 24 and section 1915 here. With respect to her financial status, Ms. Norman's IFP Motion reveals that she receives $3,750 in monthly disability payments and that she has a total of $4,276[3] in monthly expenses, the latter of which stem from her support of herself, her parents, and her two adult children. (Doc. 92). Ms. Norman's IFP Motion further reveals that she possesses $50 in cash and that she owns two vehicles which her two adult children use and maintain with their own money. *Id.*

These disclosures do not support Ms. Norman's claim of indigency. Although her monthly expenses exceed her monthly income, her total disability payments equate to an annual sum of $45,000, which is well above the poverty line for a family of five.[4] *See Schmitt v. U.S. Off. of Pers. Mgmt.*, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009) (finding that the plaintiff's allegations of poverty were inadequate based in part on his monthly income and assets); *Irvin v. Mister Car Wash*, 2008 WL 5412217, at *2 (M.D. Fla. Dec. 29, 2008) (concluding that despite the plaintiff's assertions he was involved in bankruptcy proceedings and incapable of paying the requisite fees and costs, he did not demonstrate an inability to pay such amounts).

---

[3] This figure is predicated upon the actual expenses listed in Ms. Norman's application, not on the higher sum she reports. (Doc. 92).
[4] The 2023 poverty line for a family of five is $35,140 per annum. *See* Annual Update of the HHS Poverty Guidelines, 88 Fed. Reg. 3424, 3424 (Jan. 19, 2023).

Ms. Norman's asserted grounds for her appeal likewise do not support her *in forma pauperis* application. A liberal reading of her notice of appeal indicates that she posits essentially three arguments: (1) she cannot afford to pay the $6,092.89 costs award granted by the Court; (2) Moffitt incurred certain costs unnecessarily and in an attempt to harass her; and (3) Moffitt discriminated and retaliated against her and unfairly terminated her. (Doc. 90).

I begin with Ms. Norman's first argument that she is unable to cover the amount of the costs Judgment. In some cases, "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." *Chapman v. Al Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (citations omitted). If the district court takes into account the non-prevailing party's financial status, "it should require substantial documentation of a true inability to pay." *Id.* (citations omitted).

Here, as noted above, Ms. Norman chose not to put forth a substantive response to Moffitt's motion to tax costs. (Doc. 83). Thus, she not only failed to argue her inability to pay the costs Judgment, she also did not submit any evidence of her "true inability to pay." *Chapman*, 229 F.3d at 1039. Ms. Norman's first basis for her appeal therefore appears to lack any arguable merit. *Ghee*, 271 F. App'x at 859–60.

As for Ms. Norman's second argument that Moffitt's claimed costs were unwarranted, Ms. Norman points to the monies Moffitt spent to obtain records from various third parties, including the Social Security Administration and what seem to be certain medical providers. (Doc. 90). Ms. Norman maintains that these costs were

"not necessary and only proved [she] has a disability," and that the only records Moffitt required for its defense were those pertaining to its alleged discrimination against her. *Id.*

There are several problems with Ms. Norman's contentions. As an initial matter, general averments of the type she offers here do not constitute a valid ground for an appeal. *See, e.g.*, *Gregory v. Whitlock*, 2022 WL 3329184, at *2 (N.D. Ga. July 15, 2022); *Schmitt*, 2009 WL 3417866, at *2 (finding that the plaintiff's "failure to identify any good faith issue to be addressed on appeal warrants denial of permission to proceed *in forma pauperis*"). Moreover, Ms. Norman's suggestion that Moffitt needed only those materials relating to her disability ignores the fact that she brought claims for both disability discrimination *and* ADA violations (Doc. 61) and that Moffitt also "relied on several of the[ challenged] records to support its successful summary judgment motion" (Doc. 85). *See Ghee*, 271 F. App'x at 859–60.

With respect to Ms. Norman's third basis for her appeal, she simply reiterates her overall grievances against Moffitt. (Doc. 90). Ms. Norman states, for example, that she "still has evidence that proves the discrimination against her." *Id.* at 2. The only decision Ms. Norman seeks to appeal now, however, is the Court's costs ruling, not the Court's summary judgment Order, which the Eleventh Circuit has already affirmed. *See Sequeira v. Gate Safe, Inc.*, 2018 WL 11027098, at *1 (S.D. Fla. May 14, 2018) (holding for purposes of a motion to proceed *in forma pauperis* that arguments related to the court's summary judgment determination, which was already pending

7

on appeal, were not properly raised by way of an appeal of the court's order on costs) (citing *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 838 (11th Cir. 1998)).

### III.

In light of the above, I respectfully recommend that the Court:

1. Deny Ms. Norman's IFP Motion (Doc. 92); and

2. Direct the Clerk of Court to notify the Court of Appeals of its ruling in accordance with Federal Rule of Appellate Procedure 24(a)(4).

Respectfully submitted this 30th day of June 2023.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies furnished to:
Honorable William F. Jung, United States District Judge
*Pro se* Plaintiff
Counsel of record